UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELOISE HARRIS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-729 |
| LOUISIANA STATE, ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Plaintiffs Eloise Harris and Reverend Preston L. Scarbrough filed a Complaint and Motions for Leave to Proceed *in forma pauperis*. ECF Nos. 2, 3, 5, 5-1. Plaintiffs' Complaint cites to a litany of statutes but does not include any factual allegations to establish the required elements of any of the cited statutes. ECF No. 5-1 at 1.

**I.   APPLICABLE LAW**

   **A. *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).

1

of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[5]

Plaintiffs' applications are submitted on the AO 240 Form and indicate that they receive no income other than social security benefits, have no significant assets, have less than $400 in any checking or savings account, and have monthly expenses totaling the approximate amounts of their monthly social security benefits. ECF Nos. 2 at 1-2; 3 at 1-2.

### B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[6] Section 1915(e)(2)(B) grant the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[7] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[8] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[9]

---

[4] Courts consider social security payments in making the in-forma-pauperis determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[7] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[8] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[9] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002))).

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[10] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11] A court may not dismiss a claim simply because the facts are "unlikely."[12] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[13] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[14]

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[15] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[16] Moreover, when a plaintiff alleges fraud, Rule 9 requires that the fraud claim be pleaded with particularity. "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false

---

[10] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[12] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[13] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[14] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"[17]

Even the complaints of *pro se* litigants must satisfy Rules 8 and 9 to convince the court that plaintiff has a colorable claim.[18]

## II.   ANALYSIS

Plaintiffs' *in forma pauperis* applications include sufficient information to enable the Court to determine that they are is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Based upon the information provided, Plaintiffs will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a). However, although the Court has permitted Plaintiffs to proceed *in forma pauperis*, the court must determine whether their complaint satisfies the requirements of the *in forma pauperis* statute. Thus, summons will not be issued pending completion of this Court's statutorily-mandated review.

Initially, Plaintiffs does not allege any facts to support any claim asserted. Rather, Plaintiffs merely cite a litany of statutes, many of which appear to have no possible relation to one another. Moreover, Plaintiffs cite various criminal statutes but those claims are frivolous because they cannot state a civil claim for violation of that criminal statute. Criminal charges cannot be brought by private individuals. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[19] As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government

---

[17] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted)).
[18] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[19] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

against the governed, not one private citizen against another."[20]  Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[21]  The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[22]

Thus, as drafted, Plaintiffs' Complaint fails to set forth any facts to support their claims and seeks to enforce criminal statutes.  As such, the Complaint appears to be subject to dismissal under § 1915(e)(2)(B).

### III.    CONCLUSION

Plaintiffs have established their inability to pay fees under 28 U.S.C. § 1915(a)(1).  However, the Complaint appears to be subject to summary dismissal under § 1915(e) due to Plaintiffs' failure to state a claim upon which relief can be granted and set forth facts necessary to support the elements of any claim.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (ECF Nos. 2, 3) are GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily-mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **WEDNESDAY, June 4, 2025**, Plaintiffs Eloise Harris and Reverend Preston Scarbrough **SHOW CAUSE** why their Complaint should not be summarily dismissed;

---

[20] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).
[21] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).
[22] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiffs shall file a response containing **a written statement** setting forth the specific facts upon which they rely to establish a basis for their claims against each Defendant. **PLAINTIFFS' FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN A RECOMMENDATION FOR DISMISSAL OF THE COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on **June 4, 2025**, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this \_\_2nd\_\_ day of May, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE