UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELOISE S. HARRIS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-729 |
| STATE OF LOUISIANA, ET AL. | * | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Plaintiffs Eloise Harris and Reverend Preston Scarbrough filed their Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* in April 2025. ECF Nos. 3, 5. On May 2, 2025, consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not issue until completion of the statutorily mandated review. ECF No. 7.

This Court's May 2, 2025, Order also required Plaintiffs to file a written response, on or before Wednesday, June 4, 2025, setting forth the specific facts upon which they rely to establish bases for their claims, in accordance with 28 U.S.C. § 1915(e)(2). *Id.* at 9. On June 2, 2025, Plaintiffs filed their "Motion to Show Cause," which the Court considers to be Plaintiffs' response (the "Response"). ECF No. 8.

In accordance with 28 U.S.C. § 1915(e)(2), this Court now submits this Report and Recommendation.

### I.    PLAINTIFFS' COMPLAINT AND RESPONSE

This case appears to arise from a condemnation proceeding.[1] Plaintiffs have sued the State of Louisiana, the South Central Planning and Zoning Development Commission, and the City of

---

[1] On April 15, 2025, the Terrebonne Parish Council held a condemnation hearing, during which it continued the hearing based on a request for additional time to either complete specified repairs or demolish the building. ECF No. 8 at 4-5. By letter dated April 29, 2025, the Terrebonne Parish Consolidated Government's Department of Planning and Zoning ordered Plaintiffs to show cause at a July 15, 2025, hearing why their purportedly dilapidated and dangerous residential building in Houma, Louisiana, should not be condemned. *Id.*

1

Houma Consolidated Government apparently seeking a permanent injunction to stop condemnation proceedings initiated by the Terrebonne Parish Consolidated Government's Department of Planning and Zoning (the "Department") pursuant to LA. REV. STAT. §§ 33:4761–4768.  *See* ECF Nos. 5-1 at 1; 8 at 1, 4-5.

Plaintiffs appear to assert claims under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of the Due Process Clauses of the Fifth and Fourteenth Amendments.  ECF No. 8 at 2.  They also assert a "[c]ause of action under [22 U.S.C. § 254(a)]," which they argue prohibits the property of consuls and their family members from condemnation and/or seizures by the federal, state, or local government.  *Id.*  They also appear to argue only the Supreme Court has jurisdiction over this case. *See id.* at 1-2.  Although Plaintiffs cite a litany of statutes in the Complaint, they provide no factual basis to support their claims.  *See* ECF No. 5-1 at 1.  Similarly, Plaintiffs attach handwritten documents on which they rely to suggest that Reverend Scarbrough is a foreign consul.  *See* ECF Nos. 5-3 at 3-4, 7.

Plaintiffs' Complaint does not clearly indicate whether they are asserting substantive or procedural due process claims so both will be addressed.[2]  However, because the Constitution "provides an explicit textual source of constitutional protection" against the condemning of private property, the Takings Clause of the Fifth Amendment, the potential substantive due process claims as a Takings Clause claim is also addressed.[3]

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).  The Court ordered Plaintiffs to provide a response so that there is a more definite statement of the claims or bases for relief they asserted in the Complaint.  ECF No. 7 at 5-6.  Thus, because the intended effect was for the Response to "amplify the original allegations," it is "part of [the] complaint."  *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (finding *in forma pauperis* plaintiff's answers to a court-ordered questionnaire meant to assess the complaint's factual and legal bases "an integral part of that complaint" and not "an additional pleading" in violation of Rule 7(a)).

[3] *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 721 (2010) (four-Justice plurality opinion) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (four-Justice plurality opinion) (quoting *Graham v. Conner*, 490 U.S. 386, 395 (1989))) (noting substantive due process cannot "do the work of the Takings Clause"); *see Rhone v. City of Tex. City*, 93 F.4th 762, 767 (5th Cir. 2024) (noting "demolition" of a property owner's buildings

## II.    APPLICABLE LAW AND ANALYSIS

### A.  Statutorily Mandated Review

Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[4]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[5]  This statutory review mandate applies to non-prisoner *in forma pauperis* cases equally to prisoner cases.[6]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[7]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8]  A court may not dismiss a claim simply because the facts are "unlikely."[9]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[10]

---

"may create" a takings claim in a case where a municipal court declared the buildings a nuisance (citing *Knick v. Twp. Of Scott*, 588 U.S. 180 (2019))).

[4] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[5] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).

[6] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[9] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[10] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

3

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[11] The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[12] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[13] "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[14]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[15] The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[16]

---

[11] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[12] *Twombly*, 550 U.S. at 555, 570.

[13] *Iqbal*, 556 U.S. at 678.

[14] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).

[15] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[16] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[17]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[18]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[19]

### B. <u>Pleading Standard</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[20]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[21]  Moreover, when a plaintiff alleges fraud, Rule 9 requires that the fraud claim be pleaded with particularity.  "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"[22]  While documents filed *pro se* are "liberally construed,"[23] even the complaint

---

[17] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[18] *Id*.

[19] *Id*.

[20] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[22] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted)).

[23] *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106).

of a *pro se* plaintiff must satisfy Rules 8 and 9 to convince the court that the plaintiff has a colorable claim.[24]

## C. __Subject Matter Jurisdiction__

Although Plaintiffs initiated suit in this Court, they argue that this Court lacks subject matter jurisdiction because the Supreme Court has original jurisdiction over the case pursuant to Article III, Section 2, Clause 2 of the Constitution because (1) Reverend Scarbrough is allegedly a foreign consul and (2) the State of Louisiana is a party. ECF No. 8 at 1. Clause 2 states in pertinent part: "In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction."[25] "In all Case affecting Ambassadors, other public Ministers and Consuls" refers to "diplomatic and consular representatives accredited to the United States by foreign powers, not to those representing [the United States] abroad."[26]

Plaintiffs' allegation that Reverend Scarbrough is a consul appears to be an unwarranted, fanciful factual assertion. Plaintiffs have made no factual allegation to establish that Reverend Scarbrough is a consul of any *specific* country, the United States or foreign. Even if Reverend Scarbrough were a foreign consul, Plaintiffs' argument lacks merit: "[T]he words of the Constitution do not make the original jurisdiction of the Supreme Court to be exclusive, and they leave Congress free . . . to give concurrent jurisdiction to the lower courts."[27] Pursuant to 28 U.S.C. § 1251(b)(1), district courts have concurrent jurisdiction of actions or proceedings "to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties."[28]

---

[24] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

[25] U.S. CONST. art. III, § 2.

[26] *Ex parte Gruber*, 269 U.S. 302, 303 (1925).

[27] *Farnsworth v. Sanford*, 115 F.2d 375, 379 (5th Cir. 1940).

[28] *See also In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 272 (5th Cir. 2001).

### D.  The Named Defendants

#### 1.  State of Louisiana

This Court does, however, lack subject matter jurisdiction over Plaintiffs' claims against the State of Louisiana, not because the Supreme Court has exclusive jurisdiction but because "federal jurisdiction does not embrace the power to entertain a suit brought against a state without its consent."[29]  The Eleventh Amendment, which "deprives a federal court of jurisdiction to hear a suit against" a non-consenting state,[30] confirms what it presupposes, that each state "is a sovereign entity in our federal system" and thus each are inherently immune from an individual's suit unless the state consents.[31]

Louisiana has declined to waive sovereign immunity.[32]  While *Ex parte Young*, 209 U.S. 123 (1908), provides a limited exception to a state's Eleventh Amendment sovereign immunity "to enjoin prospective unconstitutional conduct,"[33] that exception only applies when a plaintiff "names individual state officials as defendants in their official capacities."[34]  As such, Plaintiff's claims against the State of Louisiana should be dismissed for lack of subject matter jurisdiction, leaving for resolution Plaintiffs' claims against the other Defendants.

---

[29] *Duhne v. New Jersey*, 251 U.S. 311, 314 (1920); *accord. Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

[30] *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

[31] *Seminole Tribe*, 517 U.S. at 54 (quoting *Hans*, 134 U.S. at 10, 13).

[32] *Fletcher v. La. Dep't of Transp. & Dev.*, 19 F.4th 815, 818 (5th Cir. 2021) ("While Louisiana may have waived sovereign immunity with respect to some claims, LA. CONST. art. I, § 26 makes it clear the State has not waived its sovereignty within the federal system." (quoting *Holliday v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014))).

[33] *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (quoting *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *Young*, 209 U.S. at 155-56).

[34] *Pittman v. Campbell*, No. 24-2168, 2025 WL 358922, at *4 (E.D. La. Jan. 31, 2025) (Africk, J.) (brackets omitted) (quoting *Ogg*, 105 F.4th at 325).

## 2.    South Central Planning and Zoning Development Commission

Plaintiffs identify the South Central Planning and Zoning Development Commission as a Defendant, yet the Complaint and Response lack any allegation directed to that entity.  It appears they improperly named the Department.  Regardless, any claim against the Department would fail because the Department lacks the procedural capacity to be sued.

Federal Rule of Civil Procedure 17 provides in pertinent part that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located."  FED. R. CIV. P. 17(b)(3).  Article 24 of the Louisiana Civil Code states there are two kinds of persons that are capable of being sued, natural persons and juridical persons.  A "juridical person is an entity to which the law attributes personality . . . ."  LA. CIV. CODE art. 24.  The comments to article 24 "instruct that capacity of a juridical person is 'governed by provisions in its charter, governing legislation, and customs.'"[35]

The "framework for determining an entity's juridical status" is set forth in *Roberts v. Sewage & Water Board of New Orleans*, 634 So. 2d 341 (La. 1994).[36]  In that case, the Louisiana Supreme Court held that:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[37]

The court must consider not only whether in general the law grants the entity "the legal capacity to function independently" but also, in each case, "whether the entity can appropriately be regarded

---

[35] *Council of City of New Orleans v. Donation*, 382 So. 3d 27, 31 (La. 2024) (quoting LA. CIV. CODE art. 24 cmt. d.).
[36] *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 416 (5th Cir. 2023).
[37] *Id.* (quoting *Roberts*, So. 2d at 346-47).

8

as an additional and separate government unit for the particular purpose at issue."[38]   The "determination will depend on an analysis of specifically what the entity is legally empowered to do."[39]  "Where there is no constitutional or statutory authority for an entity to sue or be sued, it lacks capacity under *Roberts*."[40]

There is no mention of a Department of Planning and Zoning in the Louisiana Constitution or state law, so the Court turns to Terrebonne Parish's Home Rule Charter (the "Charter").[41]  The Charter was adopted pursuant to Article VI, Section 5 of the Louisiana Constitution of 1974.  HRC, art. I, § 1-01.  Terrebonne Parish has a "president-council" form of government; there is an elected council that constitutes the government's legislative branch and an elected president that heads the government's executive branch.  *Id.* § 1-02.  The president "exercises general executive and administrative authority over all departments, offices and agencies of the parish government," unless the Charter provides otherwise.  *Id.* art. III, § 3-01.  The president has the power/duty to "[d]irect and supervise the administration of all departments, offices and agencies of the parish government, except as otherwise provided" by the Charter.  *Id.* § 3-09(3).   "[A]ll departments, offices and agencies shall be under the direction and supervision of the president, and the heads of all departments created by or under th[e] charter shall be appointed by the president subject to approval by the council, and shall serve at the pleasure of the president."  *Id.* art. IV, § 4-01(a).  One of the departments is the planning and zoning department.  *Id.* § 4-07.  Thus, the Department is not granted the authority to "function independently," but rather, is an agency/division of the office of the president.[42]

---

[38] *See Donation*, 383 So. 3d at 32 (citing and quoting *Roberts*, 634 So. 2d at 346-47).
[39] *Roberts*, So. 2d at 347.
[40] *McLin*, 79 F.4th at 416 (citing *Roberts*, So. 2d at 346-47).
[41] A copy of the Home Rule Charter can be accessed at:
https://library.municode.com/la/terrebonne_parish/codes/code_of_ordinances?nodeId=PTICH&showChanges=true.
[42] *See Angers ex rel. Angers v. Lafayette Consol. Gov't*, No. 07-0949, 2007 WL 2908805, at *3 (W.D. La. Oct. 3, 2007) (finding animal shelter is ultimately an agency or division of the office of the president of the Lafayette Consolidated

9

As to the "particular purpose" at issue, it is whether the Department has the capacity to be sued related to the initiation of condemnation proceedings.[43]  The Department is "responsible for the implementation and subsequent administration" of nuisance abatement.  Code of Ordinances, Ch. 14, art. VII, § 14-303(a).[44]  The Department initiates "condemnation proceedings in accordance with" LA. REV. STAT. §§ 33:4761 – 4768.  *Id.* art. VII, § 14-159(c). Both the Charter and Terrebonne Parish's local code is "silent" as to whether the Department can be sued related to the condemnation proceedings, and "courts have consistently considered [that] as a factor against finding procedural capacity."[45]  Further, LA. REV. STAT. § 33:4764(A) indicates that, to appeal a decision from a condemnation proceeding, a person must file "a suit against the parish or municipality" in the district court having jurisdiction over the property.  Therefore, the Department is not a juridical person under Louisiana law and thus may not be sued.  Plaintiffs' claims against the Department should be dismissed as frivolous.[46]

### 3. City of Houma Consolidated Government

Plaintiffs assert claims against the City of Houma Consolidated Government, yet the Complaint and Response lack any allegation directed to that entity.  It appears Plaintiffs improperly

---

Government according to the parish's Home Rule Charter, which has similar provisions); *cf. Dotey v. Tangipahoa Par. Council*, No. 05-4018, 2006 WL 8456326, at *2 (E.D. La. Apr. 17, 2006) (Lemmon, J.) (finding Tangipahoa Parish Council not capable of being sued because it is only a branch of a juridical entity, Tangipahoa Parish, according to the parish's Home Rule Charter (citing *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994))); *McLin*, 79 F.4th at 416 (finding Louisiana district court not a separate entity but "part of the greater body of the Judicial branch of Louisiana's state government" according to the Louisiana Constitution).

[43] *Cf. Donation*, 382 So. 3d at 32 ("The 'particular purpose' at issue in this case is the Council's capacity to institute this suit related to the alleged improper and illegal disposition of the Wisner Trust property.").

[44] A copy of the Terrebonne Parish's Code of Ordinances can be accessed at: https://library.municode.com/la/terrebonne_parish/codes/code_of_ordinances?nodeId=PACOTEPALO.

[45] *Port Marigny, LLC v. City of Mandeville*, No. 17-4727, 2018 WL 1757385, at *6 (E.D. La. Apr. 12, 2018) (Barbier, J.) (citing *Bowen*, 649 So. 2d at 616; *Roy v. Alexandria City Council*, 984 So. 2d 191, 194 (La. App. Ct. 2008); *U.L. Coleman Co. v. Bossier City-Par. Metro. Planning Comm'n*, No. 08-2011, 2009 WL 3518173, at *2 (W.D. La. Oct. 29, 2009)); *see also McLin*, 79 F.4th at 416 & n.2 (citing *Colgrove v. Battin*, 413 U.S. 149, 163 (1973) ("If [Louisiana] had meant to . . . [effectuate the desired scheme] . . . 'it knew how to use express language to that effect.'" (quoting *Williams v. Florida*, 399 U.S. 78, 97 (1970))).

[46] *See Pittman*, 2025 WL 358922, at *4.

10

identified the Terrebonne Parish Consolidated Government as  the City of Houma Consolidated Government.

### a.  **Federal Takings Claim**

The Takings Clause of the Fifth Amendment prohibits the taking of private property for public use without just compensation.[47]  It is incorporated to the states through the Fourteenth Amendment.[48]  A property owner may bring a federal takings claim under § 1983 when a government takes property without compensation.[49]

"There are two types of federal takings claims: (1) '*per se* takings,' which are acquisitions of property for public use, and (2) 'regulatory takings,' which are regulations that prohibit private uses of property."[50]  The claim's classification depends on "whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his property."[51]  If the former is true, a *per se* taking has occurred, but if the latter is true, analysis under *Penn Central Transportation, Co. v. City of New York*, 438 U.S. 104 (1978) is required to determine whether there is a regulatory taking.[52]

"Before considering the merits of a takings claim, . . . the Court 'must be convinced that the claim in question is ripe'" because ripeness "is a question of law that implicates the Court's subject matter jurisdiction."[53]  "Ripeness ensures that federal courts do not decide disputes that are

---

[47] U.S. CONST. amend. V.

[48] *Money v. City of San Marcos*, No. 24-50187, 2025 WL 429980, at *4 (5th Cir. Feb. 7, 2025) (citing *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267, 277 (2024)).

[49] *Knick*, 588 U.S. at 202.

[50] *Money*, 2025 WL 429980, at *4 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 323-24 (2002)).

[51] *Id.* (quoting *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 149 (2021)).

[52] *Id.* (citing *Cedar Point Nursery*, 594 U.S. at 149-50).

[53] *Woodward Harbor L.L.C. v. City of Mandeville*, No. 23-5824, 2025 WL 959365, at *7 (E.D. La. Mar. 31, 2025) (Long, J.) (brackets omitted) (quoting *Urban Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006)).

'premature or speculative.'"[54] "A case becomes ripe when it 'would not benefit from further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now.'"[55]

> Ripeness comes in two forms: constitutional and prudential. "Constitutional ripeness refers to Article III's case-or-controversy requirement, which mandates that an 'actual controversy' exist between the parties 'at all stages of review' in federal court." Prudential ripeness refers to a federal court's decision not to hear a case that is constitutionally ripe "for prudential reasons, such as problems of prematurity and abstractness."[56]

In *Williamson County Regional Planning Commission v. Hamilton Bank*, 475 U.S. 172 (1985), the Supreme Court adopted a two-prong test for assessing the ripeness of a federal takings claim, "explaining that such claims are not ripe until (1) the relevant government unit reached a final decision as to how the regulation would be applied to the landowner; and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the states provides."[57] The Court later overruled the second prong of *Williamson County* because "it effectively established an exhaustion requirement for § 1983 takings claims."[58] However, the Court "did not alter the requirement for a final decision from the regulator before any litigation is commenced."[59] That first prong is the "finality requirement," and it implicates prudential—not constitutional—ripeness.[60] Its rationale is simple: "Only after the final regulatory decision will a

---

[54] *DM Arbor Ct., Ltd. v. City of Hous.*, 988 F.3d 215, 218 (5th Cir. 2021) (quoting *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002)).
[55] *Id.* (quoting *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010)).
[56] *Woodward Harbor L.L.C.*, 2025 WL 959365, at *7 (quoting *DM Arbor Ct., Ltd.*, 988 F.3d at 218 n.1).
[57] *Urban Devs. LLC*, 468 F.3d at 292-93.
[58] *Knick*, 588 U.S. at 196, 206.
[59] *DM Arbor Ct., Ltd.*, 988 F.3d at 218 n.2 (citing *Knick*, 588 U.S. at 187-88 ("[T]he developer [in *Williamson County*] still had an opportunity to seek a variance from the appeals board, so any taking was therefore not yet final. . . . Knick does not question the validity of this finality requirement, which is not at issue here.")).
[60] *See id.* at 220 (citing *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 734 (1997) (describing *Williamson County*'s finality requirement as "prudential"); *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 88-89 & n.2 (5th Cir. 2011) (noting that "the Supreme Court has . . . explicitly held that *Williamson County*'s ripeness requirements are merely prudential, not jurisdictional")); *see also Woodward Harbor L.L.C.*, 2025 WL 959365, at *7 (citation omitted).

court have before it the facts necessary to evaluate a regulatory takings claim, such as 'the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations.'"[61]  In the Fifth Circuit, the finality requirement applies to both regulatory and *per se* takings claims.[62]

The finality requirement is "relatively modest," and "nothing more than *de facto* finality is necessary."[63]  However, the plaintiff must show that "there is no question about how the regulations at issue apply to the particular land in question,"[64] or in the case of a *per se* taking claim, that the government has made a "final decision" as to the action taken toward the property.[65] The requirement is not met "if avenues still remain for the government to clarify or change its decision."[66]  But once the "government has reached a conclusive position," failure to exhaust administrative procedures cannot "defeat" the prudential ripeness of the takings claim.[67]  This is because

> the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.[68]

---

[61] *Woodward Harbor L.L.C.*, 2025 WL 959365, at *8 (quoting *DM Arbor Ct., Ltd.*, 988 F.3d at 218 (quoting *Williamson Cnty.*, 473 U.S. at 191)).

[62] *Money*, 2025 WL 429980, at *2 (citing *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 287 n.7 (5th Cir. 2012) ("The Supreme Court has only applied *Williamson County*'s finality rule to regulatory takings claims. . . . We have gone a[] bit further, applying the finality requirement to ordinary takings claims[.]" (citing *Urban Devs. LLC*, 468 F.3d at 294-95))) (first bracket added).

[63] *Woodward Harbor L.L.C.*, 2025 WL 959365, at *8 (quoting *Pakdel v. City & Cnty. of S.F.*, 594 U.S. 474, 478-79 (2021)).

[64] *Id.* (quoting *Pakdel*, 594 U.S. at 478).

[65] *Urban Devs. LLC*, 468 F.3d at 294 ("[A]ny such ordinary takings claim would in any event also fail the first ripeness prong. The City has not made a final decision on whether to condemn the property, and has done nothing more than state its intent to proceed with condemnation."); *Money*, 2025 WL 429980, at *3 (finding *per se* takings claim "prudentially ripe" because the historical preservation commission made a "final decision" as to plaintiffs' request to effectively remove a wrought iron balcony by denying it).

[66] *Woodward Harbor L.L.C.*, 2025 WL 959365, at *8 (quoting *Pakdel*, 594 U.S. at 480).

[67] *Pakdel*, 594 U.S. at 480 (citing *Knick*, 139 S. Ct. at 2167; *Williamson Cnty.*, 473 U.S. at 192-93 (distinguishing its "finality requirement" from traditional administrative "exhaust[ion]")).

[68] *Williamson Cnty.*, 473 U.S. at 193.

13

Plaintiffs' federal takings claim under § 1983, regardless of type, is not prudentially ripe. LA. REV. STAT. § 33:4763(A) indicates that a decision as to whether a building is condemned is made by the parish or municipal governing authority and comes *after* the show cause hearing. The Terrebonne Parish Council has not yet made a decision, let alone a final decision, as to whether Plaintiffs' building is condemned. Further, Plaintiffs have been provided a list of repairs they can make before the hearing to prevent condemnation. *See* ECF No. 8 at 4-5. The council "has done nothing more than state its intent to proceed with condemnation," or made a "threat to use [its] legal powers," which is insufficient for the claim to be prudentially ripe.[69]

As to dismissal, prudential ripeness is properly analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) because "it does not implicate subject matter jurisdiction."[70] The standards of Rule 12(b)(6) and § 1915(e)(2) share "considerable common ground," but a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[71] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[72] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[73]

Because Plaintiffs' "complaint does not offer specific factual allegations that would allow for an inference that the [Terrebonne Parish Council] has reached a final decision," their federal

---

[69] *See Urban Devs. LLC*, 468 F.3d at 298.

[70] *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021) (citing cases); *accord. Harrold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008))).

[71] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326).

[72] *Id*.

[73] *Id*.

14

takings claim under § 1983 should be dismissed for failure to state a claim upon which relief may be granted.[74]

### b. <u>Procedural Due Process Claim</u>

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."[75]  The Fifth Amendment's clause is applied to the United States, and the Fourteenth Amendment's clause is applied to the states.[76]  Procedural due process does not consider "the justice of a deprivation, but only the means by which the deprivation was effected[,]" thus "the injury from a denial of due process is not the liberty or property" taken from the plaintiff but rather "the fact that it was taken without sufficient process."[77]  The injury therefore is complete at the time process is denied.[78]  Like a federal takings claim under § 1983, "exhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process."[79]  "To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."[80]

When a procedural due process claim is brought concurrently with a federal takings claim, ripeness is "analyzed not under the principles of *Williamson County*, but according to 'general ripeness principles.'"[81]  The Fifth Circuit has distinguished procedural due process claims that

---

[74] *Laredo Vapor Land, LLC v. City of Laredo*, No. 19-138, 2022 WL 791660, at *5 (S.D. Tex. Feb. 18, 2022).

[75] *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

[76] *Dusenberry v. United States*, 534 U.S. 161, 167 (2002).

[77] *Bowlby v. City of Aberdeen*, 681 F.3d 215, 222 (5th Cir. 2012) (citations omitted).

[78] *Id.* (citing *Zinerman v. Burch*, 494 U.S. 113, 126 (1990) (stating that "the constitutional violation actionable under § 1983 is complete when the wrongful action is taken")).

[79] *Id.* (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *James v. Gonzales*, 464 F.3d 505, 513 n.46 (5th Cir. 2006)).

[80] *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991)).

[81] *Bowlby*, 681 F.3d at 223 (quoting *Rosedale*, 641 F.3d at 90).

"involve allegations of deprivations 'ancillary' to or 'arising from' a takings claim" from those "whose main thrust . . . is not a claim for a taking."[82]  The latter claims are analyzed independently, but the former claims' ripeness depend on "the ripeness of the 'ancillary' takings claim."[83]  "The reason is that, where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, [the court] cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated."[84]   Thus, when "similar 'factual development is necessary'" for the procedural due process claim, that claim is "not ripe" until the federal takings claim is ripe.[85]

Plaintiffs appear to allege procedural due process violations under the Fifth and Fourteenth Amendments against the Terrebonne Parish Consolidated Government.  A Fourteenth Amendment procedural due process claim under § 1983 against the parish government is viable,[86] but Plaintiffs' Fifth Amendment procedural due process claim under § 1983 is legally frivolous and thus should be dismissed because the Due Process Clause of the Fifth Amendment applies only to the federal government's conduct.[87]

Nonetheless, while a Fourteenth Amendment procedural due process claim may be viable, it is not ripe.  Plaintiffs appear to allege that the condemnation proceedings are unfair.  *See* ECF No. 8 at 2.  Thus, their claim is ancillary or arises from their federal takings claim.  But as explained above, there has been no taking yet, so the Court cannot examine whether the Terrebonne Parish

---

[82] *Id.* at 223-24 (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998) (citing *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 160 (6th Cir. 1992); *Harris v. Riverside Cnty.*, 904 F.2d 497, 501 (9th Cir. 1990))).

[83] *Id.* at 224.

[84] *Rosedale*, 641 F.3d at 91 (citing *John Corp. v. City of Hous.*, 214 F.3d 573, 585-86 (5th Cir. 2000)).

[85] *DM Arbor Ct., Ltd.*, 988 F.3d at 218-19 (quoting *John Corp.*, 214 F.3d at 586).

[86] *See, e.g.*, *Parks v. Terrebonne Par. Consol. Gov't*, 759 F. App'x 220, 224-27 (5th Cir. 2019).

[87] *Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1154 (E.D. La. 2021) (Africk, J.) (citing *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020)).

16

Consolidated Government "afforded less procedure than is constitutionally required."[88] "[A]dditional factual development is necessary," thus the Fourteenth Amendment procedural due process claim should be dismissed as unripe.[89]

### c. Claims Under § 1985 and § 1986

As to Plaintiffs' § 1985 and § 1986 claims, the latter claim "is dependent on [a claimant] successfully pleading a § 1985 claim first."[90]  Plaintiffs do not specify which subsection of § 1985 they rely upon, but only § 1985(3) could be applicable.[91]  Section 1985(3) provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.[92]

Section 1985(3) creates no rights; it "is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section."[93]

---

[88] *Rosedale*, 641 F.3d at 91 (quoting *John Corp.*, 214 F.3d at 585).
[89] *Id.* (quoting *John Corp.*, 214 F.3d at 586).
[90] *Beckwith v. City of Hous.*, No. 17-2859, 2018 WL 4298345, at *10 (S.D. Tex. July 31, 2018) (citing *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975)), *aff'd*, 790 F. App'x 568 (5th Cir. 2019).
[91] "Subsection 1 relates to a conspiracy to prevent a public official from performing his duty[, and] Subsection 2 addresses a conspiracy to obstruct justice or to intimidate a party, a witness, or a juror." *Weingarten Realty Invs. v. Albertson's, Inc.*, 66 F. Supp. 2d 825, 849-50 (S.D. Tex. 1999) (citing *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987)), *aff'd*, 234 F.3d 28 (5th Cir. 2000).
[92] 42 U.S.C. § 1985(3).
[93] *Weingarten Realty Invs.*, 66 F. Supp. 2d at 850 (quoting *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979)).

To state a claim under § 1985(3), a plaintiff must allege facts that demonstrate "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizens of the United States."[94]  "Additionally, the conspiracy must also have a racially based animus."[95]  A conspiracy requires two or more persons to agree to commit an unlawful act.[96]  "Generally, a single entity cannot conspire with itself."[97]

Plaintiffs do not allege any agreement between two or more persons to commit an unlawful act, and Terrebonne Parish Consolidated Government cannot conspire with itself as it is a single entity.  Therefore, Plaintiffs' § 1985(3) claim, and thus their § 1986 claim, should be dismissed for failure to state a claim upon which relief can be granted.

### d.  Remaining Claims

Plaintiffs assert a cause of action under 22 U.S.C. § 254(a), which they argue prohibits the property of consuls and their family members from condemnation and/or seizures by the federal, state, or local government.  That statute, however, does not provide a private cause of action. Rather, it defines the Diplomatic Relations Act, 22 U.S.C. §§ 254a – 254e, which incorporates the Vienna Convention on Diplomatic Relations ("VCDR") into United States law.[98]  To the extent Plaintiffs argue the condemnation proceedings initiated is prohibited by the VCDR, they cite to no

---

[94] *Beckwith*, 2018 WL 4298345, at *10 (citing *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010); *accord. Weingarten Realty Invs.*, 66 F. Supp. 2d at 850 (citing cases).

[95] *Lockett*, 607 F.3d at 1002 (*Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)); *see Weingarten Realty Invs.*, 66 F. Supp. 2d at 850-51.

[96] *Beckwith*, 2018 WL 4298345, at *10 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017)).

[97] *Id.* (citing *Ziglar*, S. Ct. at 1866-68 (suggesting that official employed by the same government department do not conspire when they speak to one another and work together in their official capacities, but decline to so hold); *Hilliard*, 30 F.3d at 653 (rejecting plaintiff's § 1985(3) claims by applying the "single entity" analysis to the defendant school board)).

[98] *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 442 (2d Cir. 2019); *United States v. Al-Hamdi*, 356 F.3d 564, 569 (4th Cir. 2004).

article to indicate such.  Their claim thus is frivolous and/or fails to state a claim upon which relief can be granted.

Plaintiffs also cite to various criminal statutes (e.g., 18 U.S.C. §§ 111 (assaulting, resisting, or impeding certain officers or employees), 112 (protection of foreign officials, official guest, and internationally protected persons), 113 (assaults within maritime and territorial jurisdiction) 114 (maiming within maritime and territorial jurisdiction), 115 (influencing, impeding, or retaliating against a federal official by threatening or injuring a family member), and 1151 (Indian country defined)).  *See* ECF Nos. 5-1 at 1; 8 at 2.  Criminal charges cannot be brought by private individuals.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[99]  As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[100]  Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[101]  The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[102]

The federal criminal statutes cited by Plaintiffs thus do not support a private cause of action.[103]  Lacking a private cause of action, these "claims" should be dismissed for being legally

---

[99] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[100] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).

[101] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

[102] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

[103] *See Smith v. Family Dollar, Inc.*, No. 24-620, 2025 WL 1062647, at *2 (M.D. Ala. Mar. 20, 2025) (finding 18 U.S.C. § 111 does "not support a private right of action"), *R.&R. adopted sub nom. Smith v. Family Dollar Stores, Inc.*, No. 24-620, 2025 WL 1057686 (M.D. Ala. Apr. 8, 2025); *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 843 (E.D. Pa. 2018) (finding same regarding 18 U.S.C. § 112); *Risley v. Hawk*, 918 F. Supp. 18, 20 (D.D.C. 1996)

frivolous and/or failing to state a claim on which relief may be granted.[104]

### E.  <u>Availability of Amendment</u>

Generally, the court should allow a plaintiff an opportunity to amend before dismissing an action for failure to state a claim.[105]  As the Supreme Court stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[106]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[107]  When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[108]

Plaintiffs' "claims" under criminal statutes and § 254(a), as well as their Fifth Amendment procedural due process claim, should be dismissed with prejudice because there is "no arguable

---

(finding same regarding 18 U.S.C. § 113), *aff'd* 108 F.3d 1396 (D.C. Cir. 1997); *Parkes v Colbert*, No. 25-1008, 2025 WL 522592, at *2 (S.D.N.Y. Feb. 18, 2025) (finding same regarding 18 U.S.C. § 114); *Brett v. Rodriguez*, No. 15-2366, 2016 WL 3704917, at *3 (M.D. Pa. Mar. 21, 2016) (finding same regarding 18 U.S.C. § 115), *R.&R. adopted*, 2016 WL 3683342 (M.D. Pa. July 12, 2016).  Section 1151 does not provide a private right of action either as it only defines the term "Indian country."  18 U.S.C. § 1151.

[104] *Tjerino v. GATR Truck Ctr.*, No. 24-947, 2024 WL 4564776, at *2 n.15 (E.D. La. Oct. 24, 2024) (Zainey, J.) ("Claims based on statutes without a private cause of action are commonly dismissed as frivolous by courts in the Fifth Circuit." (citing *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015); *Randle v. PNC Fin. Serv. Grp.*, No. 23-263, 2024 WL 646363, at *7 (N.D. Tex. Feb. 12, 2024) ; *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009))).

[105] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . .leave to amend a pleading").

[106] *Neitzke*, 490 U.S. at 329-30.

[107] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted))).

[108] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

basis in law" for the claims.[109]  The criminal statues Plaintiffs cite and § 254(a) lack a private cause of action, and Plaintiffs cannot bring a Fifth Amendment procedural due process claim against a state or its entities.

For sovereign-immunity dismissals, the Fifth Circuit requires that the claims be dismissed without prejudice so that the plaintiff can file in a court of competent jurisdiction.[110]  Thus, Plaintiffs' claims against the State of Louisiana should be dismissed without prejudice.  And as to claims against the City of Houma (or Terrebonne Parish) Consolidated Government, dismissal without prejudice is also proper for claims that are not ripe so that the plaintiff can file suit once the case ripens.[111]  Thus, Plaintiffs' federal takings claim and Fourteenth Amendment procedural due process claim should be dismissed without prejudice.  Plaintiffs' § 1985(3) claim against the Government, however, should be dismissed with prejudice because any amendment would be futile as Plaintiffs cannot establish a conspiracy.  Again, an "entity cannot conspire with itself"[112] nor would the addition of employees suffice since an entity and its employees are considered "a single legal entity" incapable of conspiring with itself.[113]  Because Plaintiffs' § 1986 claim against the Government is dependent on the success of their § 1985(3) claim, the former claim should be dismissed with prejudice as well.

As to Plaintiffs' claims against the Department, those claims should be dismissed with prejudice because the Department lacks the capacity to be sued.[114]

---

[109] *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

[110] *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020); *Warnock*, 88 F.3d at 343).

[111] *DM Arbor Ct., Ltd.*, 988 F.3d at 220.

[112] *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513. 520 (5th Cir. 1998) (citing *Hilliard*, 30 F.3d at 653).

[113] *Konan v. U.S. Postal Serv.*, 96 F.4th 799, 805 (5th Cir. 2024).

[114] *See Sowell v. Estelle Med. Dep't*, No. 21-20603, at *2 (5th Cir. Aug. 10, 2022) (affirming dismissal of complaint with prejudice against named defendant who could not be sued because it did not "enjoy separate legal existence" (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991))).  In recommending dismissal for the claims against the Department, the Court does not run afoul of *Darby*.  In that case, the Fifth Circuit found the

## IV.    RECOMMENDATION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs Eloise Harris and Reverend Preston Scarbrough's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims against the South Central Planning and Zoning Development Commission be **DISMISSED WITH PREJUDICE** for being legally frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Fifth Amendment procedural due process claim and claims under 18 U.S.C. § 111, 112, 113, 114, 115, and 1151 and 22 U.S.C. § 254(a) be **DISMISSED WITH PREJUDICE** for being legally frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Fourteenth Amendment procedural due process claim and federal takings claims under 42 U.S.C. § 1983 against the City of Houma Consolidated Government be **DISMISSED WITHOUT PREJUDICE** for being unripe.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' 42 U.S.C. §§ 1985(3) and 1986 claims against the City of Houma Consolidated Government be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' "Motion to Show Cause" (ECF No. 8) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

district court erred in not allowing the plaintiff leave to amend so that he may substitute the named department with the unnamed city government. *See Darby*, 939 F.2d at 313-15.  The Government, which is capable of being sued, is a named defendant in this case.

22

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[115]

New Orleans, Louisiana, this 24th day of June, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[115] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.